UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| V. | )<br>) CRIMINAL NO. 05-30026-MAP |
| CARLOS SALVATE | )<br>)<br>) |

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

NOW COMES the defendant, Carlos Salvate, by and through counsel, pursuant to USSG §5K2.0, and moves this Honorable Court to depart downward from the sentencing range.

As grounds therefore, the defendant states that the circumstances of this defendant have not adequately been taken into consideration by the United States Sentencing Guidelines. More specifically, the defendant relies on the following circumstances:

1. Time Served. State authorities arrested the defendant on September 21, 2004 for firearms violations, which are the basis of the above captioned indictment. After his arrest, the defendant was held in lieu of bail by the Holyoke District Court. The defendant was then indicted by the Hampden County Grand Jury on charges of: unlawful possession of a firearm; unlawful possession of a firearm or ammunition; and resisting arrest. After his arraignment in the Hampden County Superior Court the defendant was again held in lieu of bail. The defendant's trial in the Hampden County Superior Court was scheduled for July 20, 2005.

On May 12, 2005, while awaiting trial in the Hampden County Superior Court, the Grand Jury of this Court issued an indictment against the defendant charging him

with possession of ammunition by a convicted felon. This charge arises out of the same facts that led to the defendant's arrest by state authorities on September 21, 2004. The defendant's initial appearance in this Court occurred on May 20, 2005. At the time of the defendant's initial appearance he was detained by agreement. On July 19, 2005 the Hampden County District Attorney's Office filed a Nolle Prosequi with the Hampden County Superior Court ending the prosecution of the defendant in state Court. A copy of the Hampden County Superior Court Criminal Docket for the case of *Commonwealth v. Carlos Salvat*, Indictment No. 04 01406, is attached hereto and incorporated herein.

This Court has authority to grant the defendant a downward departure for time served. See: *United States v. Ross*, 219 F.3d 592 (7th Cir. 2000) (defendant sentenced under armed career criminal provisions following his conviction for possession of a firearm by a felon, and who at time of sentencing had already served 34 months on undischarged state sentence for residential burglary arising from same incident, was entitled to credit of 34 months against his federal sentence; court could not impose full sentence, and then order Bureau of Prisons (BOP) to give credit, as authority to give such a credit rests exclusively with BOP); *United States v. Gonzalez*, 192 F.3d 350 (2d Cir. 1999) (Although federal court may not order that federal sentence begin when defendant was arrested by state for same conduct underlying federal offense, because BOP determines credit, federal judge may accomplish same end by departing downward in federal sentence. "The proper way to ensure that Gonzalez served a total of 156

months would have been for the court to increase the downward departure it granted him and sentence him to 129 months."); *United States v. Otto*, 176 F.3d 416 (8th Cir. 1999) ("a District Court has authority to depart downward in order to give a defendant credit for time served on his expired state sentence"); *United States v. O'Hagan*, 139 F.3d 641 (8th Cir. 1998) (district judge has authority, under §5K2.0, to make a downward departure from guidelines to take into account an expired state term of imprisonment that was based on conduct "inextricably intertwined" with the federal offense because Commission did not adequately consider the issue. Section 5G1.3 addresses only credit only for "undischarged" terms of imprisonment); *United States v. Blackwell*, 49 F.3d 1232 (7th Cir. 1995); see *United States v. Kiefer*, 20 F.3d 874 (8th Cir. 1994) (in armed career criminal case, court can grant downward departure below the 15-year mandatory minimum to ensure that defendant gets credit for time served in state where the gun in the armed career criminal case was used in an underlying state crime. Time runs concurrent from date of the arrest on the state charge); *United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995) (where state robbery had been fully taken into account in determining the offense level for the federal firearms offense (felon in possession), the district court is required to reduce defendant's mandatory minimum sentence for time served in state prison. Notwithstanding *Wilson*, court can impose guideline provision §5G1.3(b) to reduce sentence in order not to frustrate the concurrent sentencing principles mandated by other statute).

2. Exposure to Abuse, Domestic Violence and Trauma. The defendant relies on the facts and circumstances of the defendant's upbringing as described in Part C. Offender Characteristics of the Presentence Report. The court may consider the defendant's troubled upbringing and his exposure to domestic violence as a child. *United States v. Lopez*, 938 F.2d 1293, 1298 (D.C.Cir. 1991); see *United States v. Deigert*, 916 F.2d 916, 918-19 (4th Cir. 1990); see *Penry v. Lynaugh*, 492 U.S. 302, 319 (1989) (evidence about the defendant's background is relevant because of the belief "long held by this society, that the defendants who commit criminal acts that are attributable to a disadvantaged background or to emotional or mental problems may be less culpable than defendants who have no such excuse.").

The Court may also consider the abuse suffered by the defendant as a child. See *United States v. Brown*, 985 F.2d 478 (9th Cir. 1993) (where defendant offered a letter recounting his childhood of severe abuse and neglect and produced psychologist's report concluding that childhood trauma was the primary cause of defendant's criminal behavior, court could grant downward departure); *United States v. Roe*, 976 F.2d 1216 (9th Cir. 1992) (court clearly erred in holding it did not have discretion to depart downward where defendant's suffered extraordinary sexual abuse as a child); *United States v. Rivera*, 192 F.3d 81, 84 (2d Cir. 1999) ("It seems beyond question that abuse suffered during childhood – at some level of severity – can impair a person's mental and emotional conditions." We conclude "that in extraordinary circumstances (the parameters of which we leave to future development), district courts may properly grant a downward departure on the ground that extreme childhood abuse caused mental and emotional conditions that contributed to the defendant's commission of

the offense"; *United States v. Pullen*, 89 F.3d 368 (7th Cir. 1996) (in light of *Koon v. United States*, 518 U.S. 81 (1996), sentence remanded to see if defendant can establish that childhood abuse was extraordinary to enable judge to exercise discretion to depart downward); see *Santosky v. Kramer*, 455 U.S. 745, 789 (1982) (Rehnquist, J., joined by Burger, C.J., White, and O'Connor, J., dissenting) ("It requires no citation of authority to assert that children who are abused in their youth generally face extraordinary problems developing into responsible, productive citizens"); *Motley v. Collins*, 3 F.3d 781, 792 (5th Cir. 1993) (death penalty) (fact that a doctor did not opine that the murder was likely the result of child abuse did not preclude jurors from making the required inference "after all, the effects of child abuse are not peculiarly within the province of an expert . . . it requires no citation of authority to assert that children who are abused in their youth generally face extraordinary problems developing into responsible, productive, citizens"); *United States v. Ayers*, 971 F.Supp. 1197 (N.D. Ill. 1997) (defendant convicted of bank robbery, departure granted based upon "exceptionally cruel" childhood with relentless physical, sexual and psychological abuse over course of years–"a form of sadistic torture").

3. Other Considerations. The defendant relies on the Affidavit of Jeffrey S. Brown attached hereto. The defendant moves to seal the contents of said affidavit.

DATED: August 30, 2006

The defendant,

Carlos Salvate

By _____
Jeffrey S. Brown
MacNicol, Tombs & Brown, LLP
393 Main Street, P.O. Box 985
Greenfield, MA 01302
413-772-8600
BBO# 558787


## CERTIFICATE OF SERVICE

I, Jeffrey S. Brown, hereby swear and affirm that I served a copy of the foregoing motion on Assistant United States Attorney Paul Smyth by facsimile on this 30th day of August, 2006.

_____
Jeffrey S. Brown

# Commonwealth of Massachusetts
# HAMPDEN SUPERIOR COURT
# Case Summary
# Criminal Docket

## Commonwealth v Salvat, Carlos

Details for Docket: HDCR2004-01406

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | HDCR2004-01406 | **Caption:** | Commonwealth v Salvat, Carlos |
| **Entry Date:** | 12/02/2004 | **Case Status:** | Crim 1 CtRm 1 |
| **Status Date:** | 07/19/2005 | **Session:** | Closed (defendant discharged) |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 12/20/2004 | **Jury Trial:** | NO |

## Parties Involved

2 Parties Involved in Docket: HDCR2004-01406

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Salvat | **First Name:** | Carlos |
| **Address:** | 48 Dwight Street | **Address:** | |
| **City:** | Chicopee | **State:** | MA |
| **Zip Code:** | 01020 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

| Date | No. | Description |
|---|---|---|
| 12/16/2004 | | Legal counsel fee assessed in the amount of $150.00 (Bertha D. |
| 12/16/2004 | | Josephson, Justice, J.) |
| 12/16/2004 | 2 | Appearance of Deft's Atty: Lawrence W Madden |
| 12/16/2004 | | Deft waives reading of indictment |
| 12/16/2004 | | RE Offense 1:Plea of not guilty |
| 12/16/2004 | | RE Offense 2:Plea of not guilty |
| 12/16/2004 | | RE Offense 3:Plea of not guilty |
| 12/16/2004 | | Bail set: $50,000.00 Cash or $100,000.00 Surety Without Prejudice |
| 12/16/2004 | | Bail warning read (Josephson,J.) |
| 12/16/2004 | 3 | Bail: mittimus issued |
| 01/20/2005 | 4 | Pre-trial conference report filed |
| 07/19/2005 | 5 | RE Offense 1:Nolle prosequi |
| 07/19/2005 | | RE Offense 2:Nolle prosequi |
| 07/19/2005 | | RE Offense 3:Nolle prosequi |
| 11/09/2005 | 6 | Notice of unpaid counsel fees sent to Dept of Transitional Assistant, |
| 11/09/2005 | 6 | Dept of Medical Assistance, Dept of Revenue and Registry of MV on |
| 11/09/2005 | 6 | 11/9/2005 |
| 11/18/2005 | 7 | Notice of unpaid counsel fees sent to Dept of Transitional Assistant, |
| 11/18/2005 | 7 | Dept of Medical Assistance, Dept of Revenue and Registry of MV on |
| 11/18/2005 | 7 | 11/18/2005 |
| 11/18/2005 | 8 | Notice of unpaid counsel fees sent to Dept of Transitional Assistant, |
| 11/18/2005 | 8 | Dept of Medical Assistance, Dept of Revenue and Registry of MV on |
| 11/18/2005 | 8 | 11/18/2005 |

## Charges

3 Charges for Docket: HDCR2004-01406

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | FIREARM, CARRY WITHOUT LICENSE c269 s10(a) | | Nolle prosequ |
| 2 | FIREARM WITHOUT FID CARD, POSSESS c269 s10(h) | | Nolle prosequ |
| 3 | RESIST ARREST c268 s32B | | Nolle prosequ |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

2 Attorneys Involved for Docket: HDCR2004-01406

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | HAMP02 |
| **Last Name:** | Goodhines | **First Name:** | James R |
| **Address:** | 50 State Street | **Address:** | Hall of Justice |
| **City:** | Springfield | **State:** | MA |
| **Zip Code:** | 01102 | **Zip Ext:** | |
| **Telephone:** | 413-747-1000 | **Tel Ext:** | |
| **Fascimile:** | 413-781-4745 | **Representing:** | Commonwealth, (Plaintiff) |
| **Attorney Involved:** | | **Firm Name:** | MA152 |
| **Last Name:** | Madden | **First Name:** | Lawrence W |
| **Address:** | 1145 Main Street | **Address:** | Suite 208 |
| **City:** | Springfield | **State:** | MA |
| **Zip Code:** | 01103 | **Zip Ext:** | 2123 |
| **Telephone:** | 413-732-3107 | **Tel Ext:** | |
| **Fascimile:** | 413-733-0429 | **Representing:** | Salvat, Carlos (Defendant) |

## Calendar Events

4 Calendar Events for Docket: HDCR2004-01406

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 12/16/2004 | 09:00 | Arraignment | 1 | Event held as scheduled |
| 2 | 01/20/2005 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 3 | 04/15/2005 | 09:00 | Hearing: Motion | 1 | Event canceled not re-scheduled |
| 4 | 07/20/2005 | 09:00 | TRIAL: by jury | 1 | Event canceled not re-scheduled |

## Full Docket Entries

27 Docket Entries for Docket: HDCR2004-01406

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 12/02/2004 | 1 | Indictment returned |
| 12/07/2004 | | Habed for arraignment issued ret 12-16-04 |
| 12/16/2004 | | Deft arraigned before Court |
| 12/16/2004 | | Committee for Public Counsel Services appointed, pursuant to Rule 53 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIMINAL NO. 05-30026-MAP |
| ) | |
| CARLOS SALVATE ) | |

**AFFIDAVIT OF JEFFREY S. BROWN**

I, Jeffrey S. Brown, hereby swear and affirm that:

1. I am counsel of record for the defendant in the above captioned matter.

2. After my appointment to represent the defendant on May 20, 2005 I was contacted by Assistant United States Attorney Paul Smyth and asked to consult with the defendant about his cooperating with a murder investigation being conducted by federal agents, the Massachusetts State Police and the Holyoke Police.

3. After discussion cooperation with the defendant, he decided to cooperate with the investigation. The defendant executed a proffer agreement with the government. The defendant and I met with federal and state law enforcement officials on two separate occasions. During those meetings, the defendant described to the agents/detectives what he witnessed prior to his arrest on September 21, 2004. The agents/detectives were interested in what the defendant knew about the murder of Timothy Gauthier on September 21, 2004. As it turned out, the defendant witnessed the shooting of Mr. Gauthier and another in Holyoke, Massachusetts in the hours prior to his arrest for state charges directly related to the above captioned matter. The defendant himself was injured by ricocheting bullets. After witnessing the shooting, the defendant went to the area of where he was arrested to confront those who had shot at him. During the meetings with the agents, the defendant identified a number of the people who were involved in the shooting and specifically described what he saw. The defendant described some people by name and others by description. The defendant offered to view photo arrays to try and identify the other people who were involved.

4. After the second meeting with the agents/detectives, I ran into the Massachusetts State Police Trooper who was present for both meetings. I had a brief discussion with Trooper Ballou (sp?) about what the defendant had told the police. I learned that for the most part, the defendant's version of events was consistent with other information that law enforcement had about this murder.

5. The defendant was ready willing and able to continue to cooperate with the investigation of the murder of Timothy Gauthier. However, the defendant believed that he had a viable motion to suppress evidence in the above captioned matter. Despite my advice to the contrary, the defendant insisted on going forward with a motion to suppress. When the defendant proceeded with his motion to suppress, the government terminated its interest in having the defendant cooperate in the murder investigation. The government has not filed a motion for a downward departure pursuant to USSG §5K1.1 based on the defendant's substantial assistance with the investigation of the murder of Timothy Gauthier.

6. The Court may grant a downward departure based on the defendant's substantial assistance with the government even in the absence of a motion to do so by the government. See *United States v. Khoury*, 62 F.3d 1138 (9th Cir. 1995) (court may depart downward where government refuses to make §5K1.1 motion because defendant went to trial although government initially offered to do so and where defendant's cooperation led to arrest of co-defendant); *United States v. Treleaven*, 35 F.3d 458 (9th Cir. 1994); *United States v. Paramo*, 998 F.2d 1212 (3d Cir. 1993) (remanded to show whether government's refusal to make §5K1.1 motion for only coconspirator who went to trial was pretextual).

Signed under the pains and penalties of perjury this 30th day of August, 2006.

_____
Jeffrey S. Brown